IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIELLE W.,<br><br>Plaintiff,<br><br>v.<br><br>AUTAUGA COUNTY<br>BOARD OF EDUCATION,<br><br>Defendant. | CASE NO. 2:26-cv-191-ECM<br>[WO] |

**O R D E R**

Now pending before the Court is the Plaintiff's motion to confirm the exhibits admitted in the administrative proceeding. (Doc. 21). The Defendant filed a response to the motion on September 16, 2026, (doc. 23), and the Plaintiff forwent an opportunity to file a reply, (*see* doc. 22). The motion is therefore ripe for review and, for the following reasons, is due to be DENIED.

This is a case brought pursuant to the Individuals with Disabilities Education Act ("IDEA Act"), 20 U.S.C. § 1400 *et seq.*, seeking judicial review of the legal and factual determinations made by a hearing officer in the Alabama State Department of Education, Special Education Division. (Doc. 1 at 1). The Plaintiff asks the Court to "enter an order confirming the exhibits admitted in [that] administrative proceeding." (Doc. 21 at 7). The Defendant opposes the motion, contending that the Plaintiff's request amounts to a motion to supplement the administrative record. (*See* doc. 23). Given the motion's ambiguity, the Court will address both issues.

To the extent the Plaintiff asserts there are alleged discrepancies in the administrative record with the hearing officer's findings of fact and decision pertaining to the exhibits admitted, it is clearly outside the Court's province to clarify rulings rendered during an administrative agency's proceedings. As such, any alleged discrepancies in the record should be addressed directly with the hearing officer and Alabama State Department of Education as the originators of the administrative record.

The Court now turns to supplementation of the record. In an IDEA Act case, the Court "is permitted to accept additional evidence [under 20 U.S.C. §1415(i)(2)(c)(ii)], but is not required to do so." *G.J. v. Muscogee Cnty. Sch. Dist.*, 668 F.3d 1258, 1268 (11th Cir. 2012). Importantly, though, the Court "must be careful not to allow such evidence to change the character of the hearing from one of *review* to a *trial de novo*." *Walker Cnty. Sch. Dist. v. Bennett ex rel. Bennett*, 203 F.3d 1293, 1298 (11th Cir. 2000) (emphasis added) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984)). Balancing these concerns, the Eleventh Circuit has recognized that reasons to supplement the administrative record may include: (1) gaps in the administrative transcript owing to mechanical failure; (2) unavailability of a witness; (3) an improper exclusion of evidence by the administrative agency; and (4) evidence concerning relevant events occurring subsequent to the administrative hearing. *Id.*

The Plaintiff's motion does not adequately grapple with this standard, nor does it articulate a compelling reason for the Court to provide relief at this juncture. (*See* Doc. 21). However, out of an abundance of caution, the Court will not foreclose supplementation of the administrative record if it is later presented with compelling

reasons to do so, articulated in a motion that adequately grapples with the applicable legal standards.

For these reasons, the Plaintiff's motion (doc. 21) is: (1) DENIED with prejudice to the extent it seeks clarification of administrative proceedings; and (2) DENIED without prejudice to the extent it seeks supplementation of the administrative record.

DONE this 29th day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE